SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Michael Soule,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>    Defendants. | No. CV 07-1614-PHX-PGR (JCG)<br><br>**ORDER** |

Magistrate Judge Guerin's Report and Recommendation is before the Court; it addresses Plaintiff's failure to prosecute and recommends dismissal. (Doc. #9.) Plaintiff moves for Clarification of Status. (Doc. #10.) The Court will adopt the Report and Recommendation and dismiss the case without prejudice.

**I.     Background**

Plaintiff David Michael Soule filed this *pro se* civil rights action on August 21, 2007; his First Amended Complaint alleged that pursuant to a policy of Sheriff Arpaio, Maricopa County Jail staff confiscated Plaintiff's medications when he was booked and failed to provide him medication for the next 50 days. (Doc. #5). On October 16, 2007, the Court ordered service on Arpaio, directed the Clerk of Court to send Plaintiff a service packet, and directed that Plaintiff complete and return the service packet within 20 days. (Doc. #8.) There is no evidence that Plaintiff did not receive the service packet or the Court's Order, but, to date, Plaintiff has not returned a completed service packet, obtained waiver of service, or completed service of the Summons and Complaint in this case.   The Report and

Recommendation, dated January 28, 2008, recommends dismissing the case, without prejudice, for failure to prosecute.

On February 13, 2007, Plaintiff filed a Motion for Clarification of Status. (Doc. #10.) In the motion, Plaintiff "apologizes to the Court for his lapse in prosecuting his claims," asks at what point he is at and what action is required next, and states that "many factor[s] placed Plaintiff at his present state, but he fully intends to proceed forward if allowed." (Doc. #10 at 2.) The Court will construe this as an objection to the Report and Recommendation as well as a request for the status of the case.

## II.     Failure to Prosecute

First, the Court notes that Plaintiff's objections were filed beyond the 10-day period permitted for objections and that there is nothing in the docket or Plaintiff's motion to suggest that he did not receive the Report and Recommendation in a timely manner. Nevertheless, because Plaintiff filed an objection, the Court will review *de novo* the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*); Fed. R. Civ. P. 72(b) ("[t]he district judge . . . shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made").

As the Report and Recommendation notes, Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff's failure to return the service packets or to complete service of process constitutes a failure to prosecute. Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Company, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or a hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to serve Defendant prevents this case from proceeding in the future. Moreover, Plaintiff offers no concrete explanation for his failure to return the service packet or to complete service of process within 120 days of filing the Complaint. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court agrees with the Report and Recommendation that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action therefore will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Court notes that Plaintiff has filed another case with this Court, Soule v. Arpaio, CV 07-1592-PHX-PGR (JCG), and that he filed a Notice of Change of Address for that case and for his second case—the present case—although Plaintiff did not know the civil action number. (Doc. #13 in CV 07-1592-PHX-PGR (JCG).)   The Court will direct the Clerk of Court to file a copy of that Notice in the present case.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for

1  Clarification of Status (Doc. #10) and the Motion is **granted** only to the extent that this
2  Order advises Plaintiff of the status of this case and is **denied** in all other respects.
3      (2)  The Report and Recommendation of Magistrate Judge Guerin (Doc. #9) is
4  **adopted**.
5      (3)  The Clerk of Court must file in this case a copy of the Notice of Change of
6  Address filed as Doc. #13 in CV 07-1592-PHX-PGR (JCG).
7      (4)  This case is dismissed, without prejudice, for failure to prosecute, and the Clerk
8  of Court must enter judgment accordingly.
9      DATED this 2nd day of July, 2008.

_____
Paul G. Rosenblatt
United States District Judge